

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL ) ) ) | No. 04 C 5655 |
| Plaintiffs, ) | Suzanne B. Conlon, Judge |
| v. ) | |
| PHENCORP REINSURANCE CO., INC. and AMERICAN INDUSTRIAL ASSURANCE CO., ) ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall ("Central States") sue Phencorp Reinsurance Company, Inc. ("Phencorp") and American Industrial Assurance Co. (collectively "defendants") under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001 *et seq.*, to collect withdrawal liability payments. Before the court are: (1) Central States' motion for default judgment against Phencorp; (2) Phencorp's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction; and (3) Central States' motion for extension of time to effect service.

## BACKGROUND

In deciding a Rule 12(b)(2) motion to dismiss, Central States "bears the burden of demonstrating the existence of personal jurisdiction." *ABN Amro Sage Corp. v. Cohen*, No. 03 C 3556, 2003 U.S. Dist. LEXIS 15390, *1 (N.D. Ill. Sept. 3, 2003). The court accepts all well-pleaded

1

jurisdictional allegations in the complaint as true unless controverted by affidavit. *Id.* Any conflict presented by affidavit must be resolved in Central States' favor. *Id.* Phencorp's unrefuted facts are accepted as true. *Id.*

According to the complaint, defendants' bankrupt parent corporation Philip Services Corporation ("PSC") was "subjected to collective bargaining agreements . . . . under which it was required to make contributions to the Pension Fund on behalf of certain of its employees." Compl. at ¶ 10. At all relevant times, PSC owned 100% of Phencorp's stock and PSC, Phencorp and other subsidiaries constituted a parent-subsidiary control group and single employer under ERISA. *Id.* at ¶¶ 13, 15-17. On November 29, 2003, PSC's obligation to contribute to the fund ceased and all entities constituting the control group incurred withdrawal liability as a result of PSC's withdrawal from the fund. *Id.* at ¶¶ 18-20.

Central States conducted a controlled group investigation of PSC on June 16, 2004. Mot. for Default at 2. PSC's general counsel provided access to records for PSC's subsidiaries, including Phencorp. *Id.* Phencorp's corporate records included a list of officers and directors "[a]s of 01/01/2000 through 06/15/2004" that included Kevin F. Brindley as one of five directors elected in 2001. *Id.* On July 8, 2004, Central States telephoned PSC's general counsel to confirm Phencorp's officers and directors remained the same in 2002 and 2003, and to request a current officer and director listing for Phencorp. *Id.* On August 10, 2004, Central States e-mailed PSC's general counsel to request a list of Phencorp's officers and directors for 2002 and 2003. *Id.* On August 27, 2004, Central States filed this case; Kevin Brindley was served with a complaint and summons. *Id.* Brindley telephoned Central States on September 22, 2004, stating he had not been Phencorp's treasurer for three years. *Id.* at 2-3.

Phencorp contends Brindley: (1) was never employed by Phencorp; (2) has not held any office or been a member of the Phencorp board of directors since November 14, 2001; and (3) was served at his home address, which is not owned or affiliated with Phencorp. Mot. to Dismiss at 3; Ex. B. Further, Phencorp asserts it is a reinsurance company organized under the laws of Barbados with its principal place of business in St. Michael, Barbados. *Id.* at 2. Phencorp contends it does not have employees, real estate or a physical place of business in the United States, nor does it maintain a website. *Id.* Phencorp asserts it has provided reinsurance coverage for five companies with operations in the United States, but it does not conduct business in the United States. *Id.* at 3. Phencorp asserts its only connection to the United States is its ownership by PSC. *Id.*

## DISCUSSION

### I. Motion to Dismiss

Phencorp argues this court lacks personal jurisdiction because it was improperly served and has insufficient contacts with the United States.[1] ERISA permits service of process "in any other district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). ERISA thus provides for nationwide service of process and personal jurisdiction. *Waeltz v. Delta Pilots Ret. Plan*, 301 F.2d 804, 808 n.2 (7th Cir. 2002); *Bd. of Trustees Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1035-37 (7th Cir. 2000). "When a federal statute provides for nationwide service of process, it becomes the statutory basis for personal jurisdiction." Fed. R. Civ. P. 4(k)(1)(D); *Waeltz*, 301 F.2d at 808 n.3. Accordingly, nationwide service of process provided by statute is proper "notwithstanding a complete lack of contact between the defendant and the forum

---

[1]Central States responds Phencorp waived its improper service argument by failing to request relief pursuant to Rule 12(b)(5). Central States provides no authority for this dubious proposition.

3

district, so long as the defendant has sufficient contacts with the United States as a whole." *Waeltz*, 301 F.2d at 808 nn. 2-3. Personal jurisdiction over the defendant exists "if the defendant is properly served under § 1132(e)(2) and has sufficient contacts with the United States." *Id.* at n.3. The court must therefore determine: (1) whether Phencorp was properly served; and (2) whether Phencorp has sufficient contacts with the United States.

A. **Proper Service**

"Service of process is a prerequisite to a district court's exercise of personal jurisdiction over a defendant." *Waeltz*, 301 F.2d at 808 n.3. Service may be effected upon a domestic or foreign corporation by delivering a copy of the summons and complaint "to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . ." Fed. R. Civ. P. 4(h)(1).

Brindley attests he began working at PSC in 2000. Mot. to Dismiss, Ex. B. In the course of his employment, he served as an officer or director of PSC subsidiaries. *Id.* Brindley was elected Phencorp's vice president, secretary and treasurer on March 16, 2001 and a director on April 3, 2001. *Id.* Brindley resigned his employment with PSC, including all titles he held with its subsidiaries, on November 14, 2001. *Id.* Since his resignation, Brindley has not served as an agent or fulfilled any functions or duties on PSC's behalf. *Id.* Brindley's resignation letter is attached to his affidavit. *Id.* at Ex. A. In addition, Phencorp submits the affidavit of Philip S. Young, a Phencorp director since 1993, who attests Brindley is not a Phencorp employee, director or officer and has not been a director or officer or performed duties for Phencorp since November 2001. Mot. To Dismiss, Ex. A.

Central States responds PSC and Phencorp have engaged in a game of "hide the ball" regarding Phencorp's officer and director information. Central States contends it justifiably relied

4

on documents PSC provided when serving the summons and complaint on Brindley. In addition, the results of a corporate search Central States conducted on December 20, 2004 through CT Corporation Systems lists Kevin Brindley as one of Phencorp's directors. "It seems inequitable for Phencorp to blame Central States for its reliance on erroneous information provided by PSC when in fact some (or all of) the information contained in Barbados' 'official' corporate records is at least three years old." Resp. to Mot. to Dismiss at 6.

An agent must possess actual authority to receive service of process for that service to be valid. *United States v. Norden Ent., LLC,* No. 01 C 8968, 2002 U.S. Dist. LEXIS 13301, *5-6 (N.D. Ill. July 22, 2002); *Hunter Douglas Metals v. Aluminio Conesa, S.A. de. C.V.*, No. 96 C 6853, 1997 U.S. Dist. LEXIS 7344, *25-26 (N.D. Ill. May 15, 1997). Central States has failed to meet its burden of demonstrating the existence of personal jurisdiction because it has not shown Brindley had actual authority to accept process on Phencorp's behalf. *See ABN Amro,* 2003 U.S. Dist. LEXIS 15390 at *1. Phencorp's evidence that Brindley is no longer an officer or director is unrefuted. Central States does not contend Brindley is in fact an officer, director or agent authorized to accept service. The parties admit the officer and director information upon which Central States relies, including the recent corporate search, is erroneous or outdated. Resp. to Mot. to Dismiss at 6. Indeed, Central States' motion for extension of time to effect proper service to some degree belies its position that service on Brindley was lawful. Improper service precludes personal jurisdiction. *Dugan v. Spivey Indus.*, No. 00 C 3544, 2002 U.S. Dist. LEXIS 4186, *5 (N.D. Ill. Mar. 13, 2002). Because § 1132(e)(2) requires both proper service and sufficient contacts with the United States, improper service is sufficient to end the court's analysis. Nevertheless, the court addresses the sufficient contacts issue.

5

B.  **Sufficient Contacts**

Phencorp contends Central States fails to show Phencorp maintains sufficient contacts with the United States to support personal jurisdiction. Phencorp emphasizes it is a Barbados corporation with no employees, property, or current business in the United States. Young attests Phencorp has only provided insurance or reinsurance coverage to United States clients on five occasions over a ten year period. Mot. to Dismiss, Ex. A. Further, Phencorp asserts neither ownership by PSC nor inclusion in a single employer group under ERISA is sufficient to establish a United States presence. Mot. to Dismiss at 8-9, *citing Central States*, 230 F.3d at 943.

Central States responds Phencorp maintains sufficient contacts with the United States not merely because of PSC's ownership, but because Phencorp conducts business in this country. According to Central States, Young's affidavit demonstrates Phencorp solicited direct insurance and reinsurance business from United States companies from 1995 to 2004. Central States offers three federal income tax returns for Phencorp, listing a Texas address as Phencorp's business address. Resp. to Mot. to Dismiss at Ex. B. Central States argues the evidence reflects continuous and systematic business contacts that render this court's exercise of personal jurisdiction over Phencorp reasonable and just. *Id.* at 5, *citing Helicopteros Nacionales De Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).

Central States may not subject Phencorp to personal jurisdiction based on its contacts with PSC. The complaint alleges PSC's collective bargaining agreements required fund contributions on behalf of certain employees. Compl. at ¶ 10. The complaint claims Phencorp is part of a parent-subsidiary control group because PSC owned 100% of Phencorp's stock. *Id.* at ¶¶ 13, 15-17. Central States argues Phencorp incurred withdrawal liability when PSC ceased fund contributions.

6

*Id.* at ¶¶ 18-20. Phencorp's involvement in the events giving rise to this suit is based solely on its PSC affiliation. This affiliation is insufficient to create personal jurisdiction. "MPPAA's control group provision regarding withdrawal liability does not alter the rule that corporate affiliation or ownership is not a sufficient minimum contact for the exercise of personal jurisdiction." *Central States*, 230 F.3d at 943-45. The complaint does not allege that Phencorp and PSC failed to operate as separate corporate entities or failed to observe corporate formalities. Nor does the complaint allege PSC exerted an abnormal degree of control over Phencorp's operations or was Phencorp's alter ego. *See Central States*, 230 F.3d at 945-46; *see also Hystro Prods., Inc. v. MNP Corp.*, 18 F.3d 1384, 1388-89 (7th Cir. 1994) (existence of common corporate officers and directors is insufficient to establish an *alter ego* relationship); *Purdue Res. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 788 n.17 (7th Cir. 2003) (while "parents of wholly owned subsidiaries necessarily control, direct, and supervise the subsidiaries to some extent," more must be demonstrated to establish jurisdiction based on a parent-subsidiary relationship).

Nor can Central States demonstrate sufficient contacts based on Phencorp's business dealings. The complaint alleges sufficient contacts exist because Phencorp does business in the United States. Compl. at ¶ 6. However, none of the identified business transactions gave rise to this case. *See ABN Amro*, 2003 U.S. Dist. LEXIS 15390 at *7-8 ("the causal connection between a suit and a defendant's forum contacts must be close enough to comport with fair play and substantial justice. The action must directly arise out of the specific contacts between the defendant and the [forum]"). Phencorp's provision of insurance and reinsurance coverage to United States companies had nothing to do with PSC's obligations under a collective bargaining agreement, or PSC's

withdrawal from plan obligations. Accordingly, Phencorp's discrete business transactions do not support personal jurisdiction.

Finally, the tax returns Central States submits indicate they are attachments to a consolidated return. Resp. to Mot. to Dismiss at Ex. B. Young attests the excerpted tax documents are part of PSC's consolidated tax filings, PSC's consolidated tax returns account for all of its subsidiaries regardless of location, and the Texas address is PSC's address. Reply at Ex. A. In fact, Central States does not seriously contend Phencorp maintains a United States residence. Rather, Central States acknowledges "Phencorp is a foreign corporation not within any judicial district of the United States." Mot. for Extension at 4.

The court is not persuaded that Phencorp's United States contacts are sufficient to satisfy due process requirements for personal jurisdiction. Central States contends it has established a colorable jurisdictional basis and should be permitted to conduct discovery to test the factual basis of Phencorp's personal jurisdiction. The court disagrees. "Foreign nationals usually should not be subjected to extensive discovery to determine whether personal jurisdiction over them exists." *Central States*, 230 F.3d at 946. Central States' evidence only shows Phencorp's affiliation with PSC and is insufficient to establish a colorable basis for jurisdiction. *Id.*, at 947. Even if Central States were to conduct further discovery regarding Phencorp's contacts with the United States, discovery would not establish any contacts arising out of or relating to MPPAA obligations for PSC's withdrawal liability. *Id.*

## II. Motion for Default Judgment

Central States contends it is entitled to a default judgment because Phencorp failed to answer or otherwise plead pursuant to Fed. R. Civ. P. 12. However, Phencorp was not properly served. Thus, the court does not have personal jurisdiction over Phencorp. *Dugan v. Spivey Indus.*, No. 00 C 3544, 2002 U.S. Dist. LEXIS 4186, *5 (N.D. Ill. Mar. 13, 2002). Default judgment is invalid if there is no personal jurisdiction over the defendant. *United States v. Kramer*, 225 F.3d 847, 857 (7th Cir. 2000). The motion for default judgment must be denied.

## III. Motion for Extension of Time

Central States moves for an extension of time to effect service on Phencorp. Central States contends good cause for the extension exists, given Phencorp's failure to provide accurate information. Because, Phencorp does not have sufficient contacts with the United States, the exercise of personal jurisdiction would offend "traditional notions of fair play and substantial justice." *Helicopteros*, 466 U.S. at 414. Even if Central States were permitted an extension of time and managed to effect proper service, the court would lack personal jurisdiction over Phencorp. *See* 29 U.S.C. § 1132(e)(2); *Waeltz*, 301 F.2d at 808 n.3. The motion for an extension of time must be denied.

## CONCLUSION

For the foregoing reasons, Phencorp's motion to dismiss for lack of personal jurisdiction is granted. Central States' motions for default judgment and extension of time are denied.

February 3, 2005

ENTER:

Suzanne B. Conlon
United States District Judge